UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| V. JANET BOWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 17-440-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CHRISTIAN CHURCH, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Plaintiff Vivian Janet Bowman, a resident of Richmond, Kentucky, has filed a *pro se* complaint against Defendant First Christian Church in Richmond, Kentucky [Record No. 1] and a motion to proceed *in forma pauperis*. [Record No. 2] The information contained in Bowman's fee motion indicates that she lacks sufficient assets or income to pay the $350.00 filing fee. As a result, her motion will be granted. And because Bowman is granted pauper status in this proceeding, the $50.00 administrative fee is waived. *See* District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct a preliminary review of Bowman's Complaint because she has been granted pauper status. 28 U.S.C. § 1915(e)(2). The court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Bowman's Complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and

liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Bowman's Complaint is somewhat rambling and difficult to understand. However, she generally alleges that she was "molested" in the First Christian Church on September 10, 2017. [Record No. 1] According to Bowman, she was attending the Sunday morning services as a visitor when she noticed a man sitting behind her in a pew who made her feel uncomfortable. She claims that, after she moved, the man also moved to be near her. She then alleges that, as the people in the church moved to the aisle to hold hands at the end of the service, the "stranger old man" moved others out of the way to be near her. She states, "Then in front of everyone he molested me, I objected and I made extreme move to get away from him again. To molest to make annoying sexual advances towards me even after I had moved away from him is a concern that I must not ignore now." [*Id.*]

The remainder of Bowman's Complaint consists of Bowman's opinions regarding alleged activities of the members of the church, as well as statements regarding Bowman's feelings that she "met no good role models there," and "[t]he presence of God was not there." With respect to her claims against the First Christian Church, the only named defendant, she states, "No church and especially this church defendant First Christian Church has the right to molest to intimidate to be a bully towards a single white woman who is there in peace and wants to learn." She further states, "I feel driven by God to object to this terrible civil rights violation in this defendant church. This defendant is in your federal jurisdiction, I ask The Federal Judge is this the Christian way to be molested to be made fun of because I the Plaintiff object to sexual advances in this Christian Church?" [*Id.*] Similarly, in her motion to proceed *in forma pauperis*, she explains "My case is a complaint. Not wanting money. I have Civil

Rights question. Does a person such as myself have the right to go to a Christian church and not be molested?" [Record No. 2 at 6]. Thus, the gist of Bowman's Complaint is that the defendant permitted a violation of Bowman's civil rights to occur during its services.

Having thoroughly reviewed Bowman's Complaint, the Court concludes that it must be dismissed. Bowman does not indicate what statutory or constitutional rights she alleges that the First Christian Church may have violated. However, the Court liberally construes her Complaint as asserting a claim pursuant to 42 U.S.C. § 1983 alleging that the defendants violated the Fourteenth Amendment of the United States Constitution, which prohibits state officials from: (1) violating a citizen's federal statutory or constitutional rights; (2) depriving a citizen of life, liberty, or property, without due process of law; and (3) denying any person equal protection under the law.

The First Christian Church is not a "state actor" subject to liability under Section 1983. *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). To prevail in a Section 1983 action, the plaintiff must show that she was deprived of a constitutional right and that the deprivation occurred at the hands of defendant who was a "state actor," or acted under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Here, the First Christian Church is a private entity, and private conduct, no matter how discriminatory or wrongful, is not actionable under Section 1983. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (citations omitted). Accordingly, Bowman fails to state a claim upon which relief can be granted against the First Christian Church under Section 1983.

Bowman's Complaint could be very broadly construed to assert a claim of assault against the First Christian Church. However, assault is a tort under Kentucky, not federal, law.

A district court may "decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all claims over which it has original jurisdiction . . ." 28 U.S.C. § 1367(c)(3). Where, as here, the Court has dismissed all of the plaintiff's federal claims prior to service of process, the Court concludes that the balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[i]f the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can never exist", and that "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims."). The Court will therefore dismiss Bowman's state law claims, if any, without prejudice. Accordingly, for the reasons outlined above, it is hereby

**ORDERED** as follows:

1. Bowman's motion to proceed *in forma pauperis* [Record No. 2] is **GRANTED**.

2. Any civil rights claims asserted pursuant to 42 U.S.C. § 1983 are **DISMISSED** with prejudice. A claims asserted under state law are **DISMISSED** without prejudice.

3. The Court will enter a corresponding Judgment this date.

4. This matter is **STRICKEN** from the active docket.

This 9th day of November, 2017.



Signed By:
*Danny C. Reeves* DCR
United States District Judge